DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Susan Butler, appeals the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellees, V.I.P. Property Management Co. and Waterside Crossings South No. 1 Condominiums Unit Owners' Association, Inc. This Court affirms.
 I. {¶ 2} Butler filed a complaint against Scott Bove, V.I.P. Property Management Co. ("V.I.P.") and Waterside Crossings South No. 1 Condominiums Unit Owners' Association, Inc. ("Waterside"), alleging negligence arising out of Butler's slipping and falling on ice outside of Bove's condominium. Butler *Page 2 
alleged in her complaint that she fell on an unnatural accumulation of ice. She alleged that V.I.P. and Waterside had responsibility for the care and maintenance of the area in which she fell, and that each entity had notice of the unsafe condition. Butler dismissed Bove as a party without prejudice soon after filing her complaint.
 {¶ 3} V.I.P. and Waterside filed a joint motion for summary judgment, arguing that Butler fell on a natural accumulation of ice, thereby negating any duty either may have owed. Butler responded in opposition, conceding that the ice was in fact a natural accumulation. She argued, however, that V.I.P. and Waterside had notice of the natural accumulation which created a condition substantially more dangerous than an invitee should have anticipated. V.I.P. and Waterside replied. The trial court granted summary judgment in favor of V.I.P. and Waterside as against Butler, and closed the case. Butler timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT."
 {¶ 4} Butler argues that the trial court erred by granting summary judgment in favor of V.I.P. and Waterside. This Court disagrees.
 {¶ 5} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies *Page 3 
the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 8} Butler asserts that her claims against V.I.P. and Waterside are based upon principles of negligence. To prevail on a claim of negligence, Butler must *Page 4 
establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. Menifee v. Ohio WeldingProds., Inc. (1984), 15 Ohio St.3d 75, 77. Whether or not a duty exists is a question of law. Williams v. Garcias (Feb. 7, 2001), 9th Dist. No. 20053.
 {¶ 9} There is no dispute that Butler was a business invitee to Bove's condominium at the time of her injury. After pulling into the driveway, she exited her vehicle and slipped and fell as she was reaching the walkway to Bove's condo. Butler conceded in her briefs that she fell on a natural accumulation of ice.
 {¶ 10} It is well established under Ohio law that "an owner of property is not liable for injuries to business invitees who slip and fall on natural accumulations of ice and snow." LaCourse v. Fleitz
(1986), 28 Ohio St.3d 209, 210. Assuming that V.I.P. and Waterside were the owners of the property, they owed a duty to warn of hidden or latent dangers of which they knew or reasonably should have known.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5. The Armstrong court continued that "[w]hen applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Id.
 {¶ 11} The Ohio Supreme Court has held that "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." Sidle v. *Page 5 Humphrey (1968), 13 Ohio St.2d 45, paragraph two of the syllabus. The rationale behind this idea is that the open and obvious nature of the danger itself serves as a warning, so that "the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644.
 {¶ 12} Butler, in her opposition to the motion for summary judgment, relied on the Ohio Supreme Court's holding in Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, for the proposition that one may prove negligence where the owner or occupier of land had notice that the natural accumulation of ice on the premises "created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area[.]" Id. at 41.
 {¶ 13} V.I.P. and Waterside cite to portions of Butler's deposition testimony to support their argument that it was a very cold, icy day when Butler slipped and fell and that Butler was familiar with Ohio winters and the accumulation of ice when the temperature falls below freezing. Although the clerk's case docket sheet indicates that Butler's deposition was filed on August 4, 2006, the deposition has not been transmitted with the record. The deposition of Scott Bove was docketed as having been filed on March 22, 2007. Although it, too, was not transmitted with the record, the Lorain Clerk's office mailed Bove's *Page 6 
deposition to this Court. The clerk's office was unable to locate Butler's deposition. Accordingly, we must consider the merits of this appeal in the absence of Butler's deposition testimony.
 {¶ 14} Nevertheless, V.I.P. and Waterside met their initial burden under Dresher by establishing, through Butler's admission, that the ice on which she fell was a natural accumulation. Butler, however, failed to meet her reciprocal burden under Tomkins to respond by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. She failed to present any evidence that V.I.P. and Waterside had superior knowledge of a condition substantially more dangerous than she should have anticipated. Under these circumstances, V.I.P. and Waterside demonstrated that they owed no duty to keep the area free from the natural accumulation of ice based on its open and obvious condition. Butler failed to demonstrate that such a duty was created due to any superior knowledge by V.I.P. and Waterside of conditions substantially more dangerous than Butler should have anticipated. Accordingly, the trial court did not err by granting summary judgment in favor of V.I.P. and Waterside as against Butler. Butler's sole assignment of error is overruled.
 III. *Page 7 {¶ 15} Butler's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 DICKINSON, J., CONCURS. *Page 8