DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Kenneth Ganley, Paul Rambasek, and Brunswick Nissan, Inc. dba Brunswick Subaru ("Brunswick") (collectively, "Dealers") appeal a decision granting summary judgment in favor of Appellee, Subaru of America ("SOA") in the Medina County Court of Common Pleas. We affirm.
 {¶ 2} This case has a complex procedural history and because procedural issues are the primary issues on appeal, a complete recitation of the procedural history is necessary. The parties to this appeal are Brunswick (a former Subaru car dealership), Rambasek (the 100% shareholder of Brunswick), Ganley (a party to a buy-sell agreement between himself), Rambasek and Brunswick to purchase the assets of Brunswick ("buy/sell agreement") and SOA (manufacturer of Subaru automobiles). There were proceedings related to the dispute between the parties before two different tribunals, the Medina County Court of Common Pleas, and the *Page 2 
Ohio Motor Vehicle Dealers Board ("OMVDB"). We begin with the procedural history before the OMVDB as it was the first tribunal to hear the issues related to this appeal.
 OMVDB Procedural History {¶ 3} More than one year prior to the complaint being filed in the Medina County Court of Common Pleas, Rambasek and Brunswick (on 2/14/06), and Ganley (on 2/22/06) filed protests with the OMVDB alleging that SOA violated the Ohio Dealership Act, R.C. Chapter 4517 ("ODA"). Rambasek and Brunswick's protest asserted that SOA violated R.C. 4517.54, 4517.55, 4517.57, 4517.58, 4517.59, 4517.64, and 4517.65 when it: (1) improperly rejected the buy/sell agreement; (2) terminated the dealership agreement between Brunswick, Rambasek and SOA ("dealership agreement") without 90 days notice; (3) terminated the dealership agreement without good cause; and (4) failed to deal in good faith and discriminated against Rambasek and Brunswick violating Ohio's public policy and the remedial provisions of the ODA, R.C. 4517.59(A),4517.59(M), and 4517.64 ("Brunswick Protest"). The Brunswick Protest also reserved Rambasek and Brunswick's right to file all claims in a state or federal court. Ganley's protest asserts that SOA violated ODA, R.C. 4517.56, when it failed to approve the buy/sell agreement ("Ganley Protest"). SOA took no action to open a new Subaru dealership in the region while the action was before the OMVDB.
 {¶ 4} On July 20, 2006, SOA filed a motion for summary judgment asserting that it was entitled to judgment as a matter of law because Rambasek and Brunswick failed to file the Brunswick Protest by the December 31, 2005 deadline, thus making SOA's notice of termination, sent on January 6, 2006, with an effective date of December 31, 2005, valid because 90 days plus the extension period had elapsed since it issued its notice of termination on August 26, 2005. SOA's motion also argued that because the dealership agreement was terminated on *Page 3 
December 31, 2005, Rambasek and Brunswick did not have the right or ability to enter into the buy/sell agreement to sell their Subaru franchise and SOA was also entitled to judgment on the Ganley Protest. Brunswick responded on August 20, 2006, arguing that SOA extended the notice of termination beyond December 31, 2005, to the end of the first quarter of 2006. SOA replied on September 5, 2006. On August 24, 2006, the OMVDB hearing examiner, David Blaugrund, scheduled an "evidentiary" hearing "on Respondent's motion for summary judgment" for September 11, 2006.
 {¶ 5} The evidentiary hearing went forward on September 12, 2006, "in order to ensure an accurate record with respect to the dispositive motion" and to present "evidence related to the jurisdictional issue raised by [SOA's] motion." Present at the hearing was counsel for the Dealers and SOA. Ganley was separately represented before the OMVDB.[1] At the hearing, which lasted from 9:10 a.m. to 5:45 p.m., "testimony, documentary evidence, and stipulations" of the parties were considered.
 {¶ 6} On December 20, 2006, Blaugrund issued his report ("Board Report") noting that "[w]hether referenced in this Report and Recommendation or not, I have considered, in accordance with my rulings during the hearing, the entire record presented by the parties." The Board Report found that the dealership agreement had been properly terminated as of December 31, 2005, and because Brunswick and Rambasek failed to file a protest prior thereto, the OMVDB "is without jurisdiction to hear the instant protest." The Board Report also found that because the dealership agreement was terminated as of December 31, 2005, Brunswick and *Page 4 
Rambasek's rights under the dealership agreement could not be transferred via the buy/sell agreement to Ganley and the Ganley Protest was moot.
 {¶ 7} The Dealers separately objected to the Board Report on January 24, 2007. Brunswick and Rambasek then filed a notice of voluntary dismissal pursuant to Civ. R. 41(A) and R.C. 2305.19. The OMVDB initially declined to accept the notice of voluntary dismissal but then issued an order on February 22, 2007, which allowed the dismissal and stated that, "the Board's orders dated January 29, 2007, [2] as they related to Brunswick are vacated." (Emphasis omitted.) Prior thereto, all parties had appealed to the Franklin County Court of Common Pleas. Rambasek and Brunswick challenged the OMVDB's decision not to allow them to voluntarily dismiss the Brunswick Protest, which appeal was later dismissed after the OMVDB's February 22, 2007 order allowed voluntary dismissal and made the Board Order a "nullity." Ganley appealed the Board Report that found his protest moot because the dealership agreement had been terminated December 31, 2005. SOA appealed the Board's February 22, 2007 decision allowing Brunswick and Rambasek to voluntarily dismiss. SOA later voluntarily dismissed its appeal. As of the date of the trial court judgment entry granting summary judgment to SOA, Ganley's appeal was still pending in the Franklin County Court of Common Pleas, although Ganley's appeal was later dismissed on October 23, 2007. None of the orders of the OMVDB are being directly challenged in this appeal. *Page 5 
 Medina Court of Common Pleas {¶ 8} The action before the Medina County Court of Common Pleas commenced on May 17, 2007, when Dealers filed suit against SOA and the OMVDB[3] asserting eleven causes of action: (1) all Dealers: injunctive relief; (2) Ganley: violation of the ODA, R.C. 4517.56, by improperly rejecting the buy/sell agreement; (3) Rambasek and Brunswick: violation of ODA, R.C. 4517.56, by improperly rejecting the buy-sell agreement; (4) Rambasek and Brunswick: violation of ODA, R.C. 4517.54
and 4517.55, by terminating the dealership agreement without allowing Brunswick and/or Rambasek 90 days to file a protest before the OMVDB, and based on factors not permitted by the ODA; (5) all Dealers: violation of ODA, R.C. 4517.59 and 4517.64, by violating the franchisor standards of the ODA and by engaging in conduct prohibited by the ODA when it improperly terminated the dealership agreement and rejected the buy/sell agreement; (6) all Dealers: breach of fiduciary duty created by the ODA by improperly terminating the dealership agreement and improperly rejecting the buy/sell agreement; (7) all Dealers against other defendants not party to this appeal: tortious interference with contract; (8) all Dealers: civil conspiracy to violate the ODA, breach of dealership agreements, and breach of covenant of good faith by improperly terminating the dealership agreement and rejecting the buy/sell agreement; (9) Ganley: breach of a dealership agreement between Ganley East, Inc.[4] and SOA by failing to establish and maintain a network of Subaru dealers in the region based on SOA's rejection of the buy/sell agreement; (10) Rambasek and Brunswick: breach of dealership agreement by failing to act in good faith in not providing proper notice before termination and in *Page 6 
improperly rejecting the buy/sell agreement; and (11) all Dealers: declaratory judgment seeking judgment that SOA (a) breached the notice provision of the ODA by terminating the dealership agreement without allowing Brunswick the statutorily required 90 days to file a protest before the OMVDB; and (b) did not have good cause (as defined by the ODA) to reject the buy/sell agreement. Dealers also sought a temporary restraining order and permanent injunction and filed a brief supported by Rambasek's affidavit in support thereof.
 {¶ 9} On May 22, 2007, the parties agreed that SOA would not cause another Subaru dealership in the region to be operational until June 21, 2007, which date was later extended to August 3, 2007. On June 8, 2007, SOA responded to Dealers' motion for injunctive relief arguing that none of the Dealers could succeed on the merits because res judicata barred Ganley's claims and collateral estoppel barred Brunswick's and Rambasek's claims. SOA maintained that there had been an evidentiary hearing before the OMVDB and the Board Report held that the dealership agreement terminated December 31, 2005, thereby disposing of all claims as they all related to alleged violations of the ODA.
 {¶ 10} On June 14, 2006, the OMVDB filed a motion to dismiss based on Civ. R. 12(B)(1)(2)(3), and (6), arguing that Dealer's claims must be dismissed because they had failed to exhaust their administrative remedies before the OMVDB.
 {¶ 11} On June 15, 2006, [5] the magistrate held a hearing, after which he issued an order on June 26, 2006, granting SOA until July 6, 2006, "to file a dispositive motion and memorandum regarding the Court's jurisdiction as to the injunctive relief and equitable remedies requested by the [Dealers]," and setting dates for Dealers to respond and SOA to reply. *Page 7 
 {¶ 12} On July 6, 2007, SOA filed its dispositive motion, entitled "motion for summary judgment." In its motion for summary judgment SOA asserted that the ODA requires franchisees to elect a remedy and seek injunctive relief before the OMVDB or seek damages from a trial court. SOA maintained that Dealers elected to pursue their action before the OMVDB and that the trial court does not have power to grant injunctive relief as to the ODA claims, pursuant to Chrysler Corp. v. Ohio MotorVehicle Dealers Bd. (Mar. 29, 2001), 10th Dist. No. 00AP-476.
 {¶ 13} SOA argued in its motion that each of the other claims asserted against SOA are ODA claims in disguise and all rely upon the same facts argued to the OMVDB and which formed the basis of the Brunswick and Ganley Protests. SOA further maintained that there is no factual or legal support for any purportedly non-ODA claims beyond the facts that allegedly supported the express ODA claims, i.e., that SOA failed to abide by the 90-day rule when it terminated the dealership agreement and improperly rejected the buy/sell agreement. Accordingly, SOA argued, res judicata bars Ganley's claims and collateral estoppel bars Brunswick's and Rambasek's claims.
 {¶ 14} SOA's motion further asserted that Rambasek's and Brunswick's dismissal of its protest has no impact on this disposition because Ganley did not dismiss his protest and thus, the Board Report finding that the dealership agreement terminated as of December 31, 2005, which rendered Ganley's protest moot, has preclusive effect on this action as to Rambasek and Brunswick. SOA argues that because the date the dealership agreement was terminated has been determined in a prior action, and Brunswick and Rambasek did not protest that notice timely, Brunswick's and Rambasek's claims in the trial court that SOA violated any ODA provision must fail. SOA also argues that because OMVDB determined that the Ganley Protest was moot *Page 8 
because of the December 31, 2005, termination date, Ganley could not bring the same claim based on the same facts to the trial court and neither could Brunswick and Rambasek argue that SOA somehow improperly rejected the buy-sell agreement.
 {¶ 15} On July 25, 2007, Dealers filed a brief in opposition to SOA's motion for summary judgment. In their brief, Dealers argued that SOA was limited to filing a motion to dismiss as no discovery had yet been conducted and it was very early in the court proceedings. Dealers maintained that whether the trial court has jurisdiction to grant injunctive or equitable relief is a pure legal question and should be determined pursuant to Civ. R. 12(B) analysis. Dealers then argued that because they dismissed the Brunswick Protest and SOA dismissed its Franklin County Court of Common Pleas appeal of the OMVDB's order allowing such dismissal, the vacation of the Board Report becomes law of the case. Dealers further maintained that public policy and the fact that the ODA is considered a remedial statute would allow the trial court to grant injunctive relief on even pure ODA claims. Moreover, maintained the Dealers, the complaint asserted new ODA claims and non-ODA common law claims over which the trial court absolutely has jurisdiction and the holding of Chrysler, supra, even if applicable, is limited. Dealers finally argued that each of their claims is properly pled and must survive a 12(B)(6) motion.
 {¶ 16} SOA's reply brief was filed on July 31, 2008. In it, SOA argued that summary judgment is proper, as opposed to a motion to dismiss, for three reasons: (1) both parties argued outside of the complaint; (2) the trial court's scheduling order indicated a "dispositive motion" could be filed; and (3) the parties' briefing as related to the preliminary injunction also went outside of the four corners of the complaint. SOA argued that the OMVDB hearing transcript contradicts Rambasek's affidavit attached to the motion for injunctive relief. SOA maintained *Page 9 
that Appellants did not meet their Civ. R. 56 burden and that it was entitled to judgment as a matter of law based on the doctrines of res judicata (as to Ganley's claims) and collateral estoppel (as to Rambasek and Brunswick's claims).
 {¶ 17} On August 2, 2007, the magistrate issued his opinion ("Magistrate's Report"). The Magistrate's report held that: (1) Ohio law precludes an ODA claim in the trial court after a party has already elected to seek injunctive relief before the OMVDB[6]; and (2) the mechanism of voluntary dismissal is only available before a trial or hearing on the merits. The magistrate then held:
 "Under the unique facts of this case, [Dealers are] precluded from pursuing any cause of action in this Court where the underlying basis for the action rests on allegations based on conduct relating to `when a franchisor terminates, cancels, or fails to renew a franchise . . . or refuses to approve the transfer of the business as set forth in R.C. 4517.64. The [Dealers] elected a remedy, pursued their case before the Board and did not prevail."
The Magistrate's Report then held that, "[a]ll causes of action set forth in [Dealers'] complaint against [SOA] are based on alleged conduct relating to [SOA's] termination of or failure to approve the transfer of a franchise" and granted summary judgment to SOA on all claims.
 {¶ 18} On August 10, 2007, Dealers moved for an emergency temporary restraining order, preliminary and permanent injunctions and SOA replied thereto on August 15, 2007. On August 23, 2007, SOA moved to delay a scheduled hearing on Dealers' August 10, 2006 motion until after the Magistrate's Report was affirmed or otherwise addressed by the trial court. On August 17, 2007, Dealers objected to SOA's motion for a delayed hearing because a new dealership was being "allowed to begin and continue new motor vehicle dealer operations[.]" *Page 10 
On August 20, 2007, the trial court continued the August 23, 2007 hearing date on Dealers' motion for injunctive relief until August 29, 2007.
 {¶ 19} On August 15, 2007, Dealers filed substantial objections to the Magistrate's Report and noted in a footnote that the OMVDB hearing transcript was not properly before the court pursuant to Civ. R. 56(C). Dealers also noted that the magistrate's determination that a voluntary dismissal is not a proper mechanism after trial does not apply to the instant matter because the hearing before the OMVDB was not a trial. Dealers then reiterated their assertion that they validly pled both ODA and non-ODA claims and that the trial court had jurisdiction to grant injunctive relief, equitable remedies, and damages.
 {¶ 20} On August 21, 2007, SOA filed its response to Dealers' objections. SOA argued that even if the magistrate went beyond the initial scope of the motion for summary judgment, he is not required to ignore the "infirmities" of the complaint. State ex rel. Pyle v.Bessey, 10th Dist. No. 05AP-394, 2006-Ohio-2047.
 {¶ 21} On August 30, 2007, Judge Collier held a hearing to address various pending issues, including the Magistrate's Report and objections thereto. All counsel were present and argued their case to the trial court. Counsel for SOA read portions of several OMVDB documents, which were admitted into evidence without objection. The evidence and testimony at the hearing supported the arguments made in briefing.
 {¶ 22} On September 10, 2007, the trial court overruled Dealers' objections, adopted the Magistrate's Report, and granted the OMVDB's motion to dismiss ("Judgment Entry"). The Judgment Entry did not specifically deny Dealers' motion for injunctive relief, although its holding rendered Dealers' claim moot. Dealers timely appealed the Judgment Entry and raise five assignments of error. *Page 11 
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SOA'S MOTION FOR SUMMARY JUDGMENT[.]"
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SOA'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF RULING ON THE LEGAL ISSUE OF ELECTION OF REMEDIES STIPULATED TO BE DETERMINED IN THE AGREED SCHEDULING ORDER[.]"
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED AS A MATTER OF LAW AND DEPRIVED [DEALERS] OF THEIR CONSTITUTIONAL RIGHTS OF DUE PROCESS AND RIGHT TO A JURY TRIAL[.]"
 {¶ 23} For ease of disposition, we will discuss Dealers' first three assignments of error together. Dealers assert that the trial court erred in granting SOA's motion for summary judgment, which was beyond the scope of the trial court's order, thereby depriving them of their rights to due process and to a jury trial. This Court disagrees.
 {¶ 24} Dealers asserted that SOA could only file and the trial court could only properly grant a motion to dismiss, as the only issue properly before the court was whether the trial court had jurisdiction to consider Dealers' claims for injunctive relief. Dealers maintain that SOA was not entitled to seek summary judgment on the entire complaint and the trial court was not entitled to grant it. We disagree. The trial court's June 26, 2007 scheduling order stated that SOA could "file a dispositive motion and memorandum regarding the Court's jurisdiction as to the injunctive relief and equitable remedies requested by" Dealers. A motion for summary judgment is a dispositive motion and SOA was therefore entitled to file a motion for summary judgment.
 {¶ 25} As to the scope of the motion, as set forth above, SOA's motion argued that the trial court did not have jurisdiction to grant injunctive relief on ODA claims, all of Dealers' claims were ODA-related, and to the extent the claims could have been decided by the trial court, *Page 12 
they were barred by the doctrine of res judicata and collateral estoppel thereby precluding the trial court from considering them as a matter of law. SOA's motion did not go beyond the bounds of the scheduling order.
 {¶ 26} Having determined that the trial court could properly consider SOA's motion for summary judgment, we now turn to whether summary judgment was properly granted. Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; "(2) the moving party is entitled to judgment as a matter of law; and "(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
"[T]he party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Butler v. Bove, 9th Dist. No. 07CA009170, 2008-Ohio-1773, at ¶ 7, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. As we stated in Butler, supra:
 "Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a `genuine triable issue' exists to be litigated for trial." Butler at ¶ 7, citing State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 27} "A determination of whether the doctrine of res judicata bars an action is a question of law which this Court reviews de novo."Brott v. City of Green Bd. of Zoning Appeals, 9th Dist. No. 21209, 2003-Ohio-1592, at ¶ 11, citing Davis v. Coventry Twp. Bd. of ZoningAppeals (Feb. 14, 2001), 9th Dist. No. 20085; Payne v. Cartee (1996),11 Ohio App.3d 580, 586-587. *Page 13 
 {¶ 28} We initially note that many of the OMVDB documents attached to summary judgment briefing were not properly authenticated pursuant to Civ. R. 56(C) and thus, should not have been considered by the trial court. See Modon v. Cleveland (Dec. 22, 1999), 9th Dist. No. 2945-M. However, somewhere during the procedural quagmire of this case, the documents relevant to the trial court's judgment were before the trial court. Moreover, as we stated in Cheriki v. Black River Industries,Inc.,, 9th Dist. No. 07CA009230, 2008-Ohio-2602, at ¶ 6, "unless the opposing party objects to the admissibility of improper evidence, the trial court `may, but need not' consider the evidence" when it determines whether summary judgment is appropriate. Id., quotingBowmer v. Dettlebach (1996), 109 Ohio App.3d 680, 684. See, also,State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 473-74. Neither party moved to strike[7] any exhibits attached to any pleading and thus, the trial court could have considered such evidence.
 {¶ 29} SOA's main argument on appeal and in their motion for summary judgment is that it is entitled to judgment as a matter of law on all of Dealers' claims because the resolution of the Ganley Protest before the OMVDB operates to bar Ganley's claims by res judicata and Brunswick's and Rambasek's claims by collateral estoppel. We agree.
 {¶ 30} We have held that:
 "The doctrine of res judicata involves both claim preclusion, historically known as estoppel by judgment in Ohio, and issue preclusion, known as collateral estoppel. Under claim preclusion, `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' Res judicata (claim preclusion) is an affirmative defense. On the other hand, collateral *Page 14 
estoppel `precludes the relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action."'
 "* * *
 "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." (Internal citations and emphasis omitted.) Schumacher v. Tabor (Dec. 27, 2000), 9th Dist. No. 20027.
 {¶ 31} With regard to decisions of administrative agencies, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transactions or occurrence that was the subject matter of the previous action."Brott at ¶ 11, quoting Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Accordingly, before res judicata/collateral estoppel can apply one must have a final judgment. We hold that the Board Report was a final judgment upon the merits as to Ganley.
 {¶ 32} The Ganley Protest sought a determination by the OMVDB that SOA improperly rejected the buy/sell agreement. A full day hearing was held before a hearing examiner and evidence and testimony was presented on this issue and the issues raised in the Brunswick Protest related to the untimely termination of the dealership agreement. Based on all of the evidence presented, the Board Report found the Ganley Protest to be moot because it determined that SOA had properly terminated the dealership agreement before the buy/sell agreement was submitted to SOA for review, i.e., as of December 31, 2005. Thus, at the time the buy/sell agreement was submitted to SOA for approval, Brunswick and Rambasek did not have an interest that they could convey to Ganley. In issuing its decision as to the Ganley Protest, the OMVDB made a finding that is critical to claims set forth in the complaint by Dealers. The Board Report determined that the dealership agreement was properly terminated as of December 31, 2005. *Page 15 
 {¶ 33} Ganley appealed the Board Report to the Franklin County Court of Common Pleas, which appeal was later dismissed. Ganley did not dismiss the Ganley Protest. Thus, the Board Report is a final judgment on the merits that SOA did not improperly reject the buy/sell agreement because Rambasek and Brunswick did not have an interest to convey due to the proper termination of the dealership agreement as of December 31, 2005.
 {¶ 34} We disagree with Dealers' argument that the hearing before the OMVDB was not a hearing on the merits, but simply a jurisdictional hearing. The OMVDB was required, pursuant to the ODA, to initially determine whether SOA could terminate the dealership agreement as of December 31, 2005, and whether the SOA could reject the buy/sell agreement. Both considerations hinged on whether SOA followed the statutory termination procedures of the ODA. Only if the OMVDB determined they did not, would the matter need to proceed to the next step of analysis, i.e., whether SOA had good cause to terminate the dealership agreement and/or reject the buy/sell agreement. The OMVDB determined that SOA properly followed the notice procedure. Thus, its analysis was ended. That the OMVDB held that it did not have jurisdiction to decide any other issues did not render its decision to be only one of jurisdiction. The OMVDB simply determined that Dealers could not prevail under the ODA because SOA properly terminated the dealership agreement as of December 31, 2005, without protest by Dealers, thereby leaving the OMVDB with nothing before it to consider.
 {¶ 35} Because it was a final judgment on the merits, the Board Report had preclusive effect on Ganley's action in the trial court via the doctrine of res judicata. We must now determine if the Board Report had preclusive effect on Brunswick and Rambasek despite the fact that they dismissed the Brunswick Protest, pursuant to the doctrine of collateral estoppel. This Court holds that it does. *Page 16 
 {¶ 36} We have already determined that the issue of timely termination of the dealership agreement without protest and rejection of the buy/sell agreement was actually and directly litigated and passed upon by the OMVDB in its determination of the Ganley Protest. Moreover, it is clear that Brunswick and Rambasek were in privity with Ganley in the action before the OMVDB. The Supreme Court of Ohio addressed the issue of privity in O'Nesti v. DeBartolo Realty Corp., 113 Ohio St.3d 159,2007-Ohio-1102, when it held that:
 "An interest in the result of and active participation in the original lawsuit may also establish privity. [Grava, supra]. Individuals who raise identical legal claims and seek identical rather than individually tailored results may be in privity. Brown v. Dayton
(2000), 89 Ohio St.3d 245, 248. This court has since stated that privity is a somewhat amorphous concept in the context of claim preclusion. Kirkhart v. Keiper, 101 Ohio St.3d 377, 2004-Ohio-1496, at ¶ 8, citing Brown, 89 Ohio St.3d at 248. A `mutuality of interest, including an identity of desired result,' might also support a finding of privity. Brown at 248." O'Nesti at ¶ 9.
 {¶ 37} It is clear that Dealers raised identical claims before the OMVDB, did not seek individually tailored results, and had a mutuality of interest. Had the OMVDB determined that SOA improperly terminated the dealership agreement because it did not give Brunswick and Rambasek 90 days from the date of the notice of termination prior to terminating, the OMVDB could have then determined whether SOA had good cause to terminate the dealership and reject the buy/sell agreement, which determinations affected all Dealers. Counsel for Brunswick and Rambasek participated at the hearing and, in fact, was the primary counsel. The same counsel represented all of the Dealers before the trial court and now on appeal.
 {¶ 38} We also find support for our conclusion that the Board Report could have preclusive effect on Dealers' claims from a decision of the Tenth District Court of Appeals in which the court held even though a party may seek simultaneous relief for violations of the ODA before the court of common pleas and the OMVDB, "if one forum proceeded to determine [the issues of timely protest and wrongful rejection], the determination would likely have preclusive *Page 17 
effect and would prevent relitigation under the theory of res judicata or collateral estoppel." (Emphasis omitted.) Chrysler, supra.
 {¶ 39} Having determined that the Board Report could have preclusive effect on all Dealers' claims before the trial court, we must now analyze those claims vis-à-vis the Board Report.
 {¶ 40} Counts one, two, three, four, five and six are expressly ODA claims. Count one seeks injunctive relief based on SOA's attempt to "circumvent the protections of the [ODA]" and asks the court to "prohibit a `replacement' Subaru franchise in Medina County until the within civil action and/or the pending administrative protests and appeals are fully litigated." In counts two and three, Dealers claim that SOA violated the ODA when it failed to timely reject the buy/sell agreement and rejected the buy/sell agreement for reasons "which do not constitute sufficient good cause for failing to approve the sale or transfer" under the ODA. Court four alleges that SOA violated the ODA by failing to provide 90 days notice before the termination became effective in violation of the ODA and terminated without good cause under the ODA. In count five, Dealers allege that, "pursuant to R.C. 4517.59, SOA failed to act in good faith" when it terminated the dealership agreement and rejected the buy/sell agreement. Count six asserts that SOA breached a fiduciary duty created by the ODA, which was "enacted to address the unique and particular problems" franchisees have with franchisors. Each of these claims directly depends on whether SOA violated the ODA by improperly terminating the dealership agreement effective December 31, 2005. The Board Report held that the dealership was properly terminated, as of that date, without timely protest by Dealers. This holding precludes Ganley's ODA claims before the trial court (counts one, two, five and six) via the doctrine of res judicata, *Page 18 
and Rambasek's and Brunswick's claims before the trial court (counts one, three, four, five, and six) via the doctrine of collateral estoppel.
 {¶ 41} Count seven is not alleged against any Dealers. Count eight asserts that SOA and other defendants conspired to tortiously interfere "with the [Dealers'] prospective business interest in the January 5, 2006 buy/sell agreement" and "by the violation of the [ODA]." In count nine, Ganley asserts that SOA breached the dealership agreement between SOA and Ganley East when it did not maintain a network of Subaru dealers because it failed to approve the buy/sell agreement. In count ten, Brunswick and Rambasek allege that SOA breached the dealership agreement by improperly terminating the agreement without proper notice and in rejecting the buy/sell agreement. Finally, in count 11, the Dealers ask the court to enter judgment that SOA is required to follow ODA's termination procedures and buy/sell approval procedures.
 {¶ 42} It is clear that while counts eight through eleven are not expressly pled as ODA claims, they are ODA claims. Each of these claims is based on the same factual allegations, i.e., that SOA terminated the dealership agreement without proper notice and improperly rejected the buy/sell agreement. Accordingly, all of these claims depend on whether SOA violated the ODA by improperly terminating the dealership agreement effective December 31, 2005. The Board Report held that the dealership was properly terminated, as of that date, without timely protest by Dealers. The Board Report thereby precludes Ganley's ODA claims before the trial court (counts eight, nine, and eleven) via the doctrine of res judicata, and Rambasek's and Brunswick's claims before the trial court (counts eight, ten, and eleven) via the doctrine of collateral estoppel.
 {¶ 43} This Court acknowledges that the ODA, R.C. 4517.65(B) states that a party may seek damages for violations of the ODA in a court of common pleas in lieu of filing a protest *Page 19 
before the Board. We also acknowledge that the OMVDB's February 22, 2007 order indicated that the Board Report was vacated, which arguably leaves the door open for Brunswick's and Rambasek's claims for damages in the trial court. Our decision does not decide either of these issues, however, because it is based solely on the Board Report as it relates to the Ganley Protest and its preclusive effect on Dealers' claims before the trial court.
 {¶ 44} Based on the foregoing, this Court holds that the trial court properly granted summary judgment to SOA based on the doctrines of res judicata and collateral estoppel. Dealers' first, second, and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING THE [OMVDB's] MOTION TO DISMISS[.]"
 {¶ 45} In their next assignment of error, Dealers argue that because the hearing before the OMVDB was not a hearing on the merits, the trial court's dismissal of their claims against the OMVDB was erroneous. This Court disagrees.
 {¶ 46} This Court reviews de novo a trial court's decision to grant a motion to dismiss. Niepsuj v. Summa Health Sys., 9th Dist. Nos. 21557, 21559, 2004-Ohio-115, at ¶ 5. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(B) only if it appears beyond a doubt that the petitioner can prove no set of facts which would entitle him to relief.Garvey v. Clevidence, 9th Dist. No. 22143, 2004-Ohio-6536, at ¶ 11
 {¶ 47} The only claim alleged against OMVDB was for injunctive relief. It is unclear from the complaint what conduct by the OMVDB Dealers were seeking to enjoin. Presumably, the complaint is asserting that the OMVDB would cause irreparable harm to Dealers by allowing SOA to violate the ODA. As of the date of the dismissal entry, the Brunswick Protest had been *Page 20 
dismissed and OMVDB had no authority to take any action with regard to the Brunswick Protest.[8] Even if that were not the case, because we have already determined that the hearing before the OMVDB was a hearing on the merits and that the trial court properly applied the holdings of the Board Report (that SOA had not violated the ODA as it related to the Ganley Protest) to the claims before it when it granted summary judgment in favor of SOA, any assertion that the OMVDB should be enjoined from allowing a violation of the ODA is moot. We also find it disingenuous to argue on one hand that the Board Report has no impact on Dealers because it had been vacated and yet argue that the OMVDB should somehow be enjoined because of its decision as set forth in the same Board Report.
 {¶ 48} There being no set of facts Dealers can prove which would entitle them to injunctive relief, the trial court properly dismissed Dealers' complaint against the OMVDB. Dealers' fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO MAINTAIN THE STIPULATED TEMPORARY RESTRAINING ORDER, FAILING TO HOLD A HEARING ON THE MERITS FOR AN INJUNCTION, AND FAILING TO GRANT AN INJUNCTION[.]"
 {¶ 49} In their last assignment of error, Dealers argue that the trial court erred in "failing to maintain the stipulated temporary restraining order until a hearing on the merits for injunctive relief was held." Based on our disposition of Dealers' first, second, and third assignments of error, this assignment of error is moot. See App. R. 12(A)(1)(c). *Page 21 
 {¶ 50} Each of Dealers' assignments of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
CARLA D. MOORE FOR THE COURT
SLABY, J. MOORE, J. CONCUR
[1] The Dealers were all represented by the same counsel before the trial court and in this appeal.
[2] The OMVDB overruled the objections and affirmed the Board Report on January 29, 2007.
[3] Three other defendants were also named in the complaint, all of whom have been dismissed and are not relevant to the issues on appeal.
[4] Kenneth Ganley is the principal in another Subaru dealership in the Cleveland area, known as Ganley East, Inc.
[5] The transcript, if any, of this hearing is not a part of the record.
[6] The magistrate noted that he was unsure of whether the ODA permitted simultaneous pursuits of damages/injunctive relief in both venues.
[7] We acknowledge that in a footnote to their objections to the Magistrate's Report, Dealers seemed to argue that the transcript of the OMVDB hearing was not proper pursuant to Civ. R. 56(C); however, Dealers did not attempt to strike or otherwise object to the transcript at any time during summary judgment briefing.
[8] As noted above, Ganley's appeal of the Board Report has also been dismissed. Thus, the OMVDB has nothing pending before it and none of its decisions related to this matter are on appeal in any jurisdiction.