[Cite as *Helms v. Summit Cty. Combined Gen. Health Dist.*, 2017-Ohio-7915.]

STATE OF OHIO         )         IN THE COURT OF APPEALS
                           )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| JOEL HELMS, dba SureFlow Septic | C.A. No.    28554 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY COMBINED GENERAL HEALTH DISTRICT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.    CV-2016-12-5209 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2017

HENSAL, Presiding Judge.

{¶1}   Joel Helms, doing business as SureFlow Septic, appeals a judgment of the Summit County Court of Common Pleas that granted the Summit County Combined General Health District's motion to dismiss.  For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2}   On November 15, 2016, the Health District's Board of Health denied Mr. Helms's application for registration as a service provider under Ohio Administrative Code 3701-29-03.  On December 12, 2016, Mr. Helms appealed the Board of Health's decision to the common pleas court, indicating on the case designation form that his action was also for mandamus and declaratory judgment.  The Health District moved to dismiss the appeal, arguing that Mr. Helms's administrative appeal was untimely because it was not filed within 15 days of the day the Board of Health mailed its decision.  The Health District also argued that Mr. Helms's appeal

was insufficient to serve as a petition for mandamus or declaratory judgment. Mr. Helms subsequently filed amended petitions for mandamus and declaratory judgment, but the Health District moved to strike them. The common pleas court granted the Health District's motion to dismiss and its motion to strike. Mr. Helms has appealed, assigning four errors. This Court has reordered some of his assignments of error for ease of disposition.

II.

ASSIGNMENT OF ERROR I

ADMINISTRATIVE APPEAL JURISDICTION IS UNDER ORC 2505, NOT ORC 119 AND THEREFORE NOT DISMISSIBLE BASED ON GREATER THAN 15 DAYS NOTICE.

{¶3} In his first assignment of error, Mr. Helms argues that the common pleas court incorrectly applied Chapter 119 of the Revised Code when it determined whether his administrative appeal was timely filed. The court determined that, because Mr. Helms appealed a decision of the Board of Health, under Revised Code Section 119.12(D), he had 15 days from the date it mailed the decision to him to appeal. Because Mr. Helms did not file his notice of appeal within that time frame, it concluded that his appeal had to be dismissed.

{¶4} Mr. Helms argues that Section 119.12 only applies to decisions of state government agencies, so his appeal is governed by Chapter 2505 instead. Section 3709.01, however, divides the state into health districts, and Section 3709.02 creates a board of health in each of those districts. This Court, therefore, has recognized that "a health district, and the board of health formed thereunder, is a state agency." *Harrison v. Judge*, 9th Dist. Summit Nos. 14751, 14756, 1991 WL 57231, *1 (Apr. 10, 1991).

{¶5} In his reply brief, Mr. Helms argues that Chapter 119 did not apply to the Board of Health's decision because it only applies to state agencies that issue licenses, which he argues

is different than the registration requirement that applies to service providers under Administrative Code 3701-29-03(B). This Court, however, does not consider arguments that are made for the first time in a reply brief. *State v. Carney*, 9th Dist. Lorain No. 14CA010706, 2016-Ohio-2684, ¶ 5, fn. 1. Accordingly, we reject Mr. Helms's argument that Section 119.12 did not apply to the Board of Health's decision. Mr. Helms's first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

IN THE ALTERNATIVE, NO PROOF OF MAILING WAS SUBMITTED TO PROVE MAILING UNDER ORC 119.

{¶6} In his third assignment of error, Mr. Helms argues that the common pleas court incorrectly granted the Health District's motion to dismiss because the Health District failed to establish when the Board of Health's decision was mailed to him. The Health District moved to dismiss Mr. Helms's administrative appeal under Civil Rule 12(B)(1), arguing that the court did not have jurisdiction over the appeal because Mr. Helms filed it late. "This Court reviews de novo a trial court's decision to grant a motion to dismiss." *Ganley v. Subaru of Am.*, 9th Dist. Medina No. 07CA0092-M, 2008-Ohio-3588, ¶ 46. If that court "opts to determine its jurisdiction without a hearing, 'it must view allegations in the pleadings and documentary evidence in the light most favorable to the non-moving party and resolve all reasonable competing inferences in favor of such non-moving party[.]'" *Coon v. Technical Constr. Specialties, Inc.*, 9th Dist. Summit No. 24542, 2010-Ohio-417, ¶ 11, quoting *Meyers v. Curt Bullock Builders, Inc.*, 9th Dist. Summit No. 13857, 1989 WL 16903, *2 (Mar. 1, 1989).

{¶7} The administrative record indicates that the Board of Health issued its decision on November 15, 2016. There is no information in the administrative record, however, regarding when the decision was mailed to Mr. Helms. With its motion to dismiss in the common pleas

court, the Health District included a copy of a United States Postal Service tracking sheet, indicating that a "[p]ostal [p]roduct" was sent via certified mail and was picked up on November 15, 2016.

{¶8} In his response to the motion to dismiss, Mr. Helms argued that the tracking sheet was insufficient to establish mailing because it failed to show the address where the item was sent. The common pleas court wrote in its decision, however, that the fact that the Health District mailed the Board of Health's decision on November 15, 2016, was "clear and undisputed[.]" It, therefore, concluded that Mr. Helms's notice of appeal, which he filed more than 15 days later, was untimely under Revised Code 119.12(D).

{¶9} The tracking sheet that the Health District attached to its motion to dismiss does not indicate what was sent, the sender, the destination, or the intended recipient. While it contains a tracking number, there is no information in the record to connect that tracking number to the mailing of the Board of Health's decision to Mr. Helms. Viewing the pleadings and evidence in a light most favorable to Mr. Helms, we conclude that the Health District failed to establish that Mr. Helms did not file his notice of appeal until more than 15 days after it mailed the Board of Health's decision to him. *See Appeal of Sproat*, 10th Dist. Franklin No. 91AP-155, 1991 WL 124414, *2 (June 27, 1991) ("[T]he agency bears the burden of establishing the actual date of mailing with sufficient evidence[.]"). Mr. Helms's third assignment of error is sustained.

ASSIGNMENT OF ERROR II

ONLY THE ADMINISTRATIVE JUDGE WOULD HAVE JURISDICTION TO
DISMISS EN BANC CONSIDERATION.

{¶10} In his second assignment of error, Mr. Helms argues that the common pleas court incorrectly denied the motion for en banc consideration that he filed after it dismissed his case.

In light of our resolution of his third assignment of error, however, this argument is moot, and it is overruled on that basis. *See* App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR IV

IT IS AGAINST RULES TO DISMISS AMENDMENT TO CASE WHEN FILED WITHIN 28 DAYS OF SERVICE.

{¶11} Mr. Helms's fourth assignment of error is that the common pleas court incorrectly granted the Health District's motion to strike. The Health District filed a motion to strike after Mr. Helms filed an "Amendment of Original Petitions[,] Addition of Party[,] Defense of Ethical Code and Damages[, and] Notice Requesting Comments[,]" seeking to petition for a declaratory judgment and mandamus relief. The Health District argued that, to the extent that Mr. Helms was attempting to amend a pleading, he failed to comply with Civil Rule 15. The common pleas court granted the motion to strike without explanation.

{¶12} Mr. Helms has not identified any authority suggesting that he may petition for a declaratory judgment or mandamus relief within an administrative appeal under Section 119.12. Accordingly, he has not established that the common pleas court erred when it granted the Health District's motion to strike. Mr. Helms's fourth assignment of error is overruled.

III.

{¶13} Mr. Helms's first, second, and fourth assignments of error are overruled. His third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶14} I am compelled by stare decisis to agree with the majority that the Board of Health is a state agency. This Court has held that, "[g]enerally, a health district, and the board of health formed thereunder, are state agencies." *Harrison v. Judge*, 9th Dist. Summit Nos. 14751, 14756, 1991 WL 57231, * 1 (Apr. 10, 1991). In *Harrison*, this Court relied on *Johnson's*

*Markets, Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 33 (1991), which concluded, without analysis, that "[h]ealth districts, and the boards formed thereunder, are state agencies." In reaching this conclusion, the Supreme Court cited *Bd. of Health of St. Bernard v. St. Bernard*, 19 Ohio St.2d 49 (1969), paragraph two of the syllabus, which followed *State ex rel. Mowrer v. Underwood*, 137 Ohio St. 1 (1940). *State ex rel. Mowrer* stood for one proposition: "where the state, by legislative enactment, withdraws from cities the health powers previously granted to them and transfers them to newly created city health districts, such health districts become agencies of the state government, and their employees are governed by state law." *State ex rel. Mowrer* at 8. In other words, the genesis for the conclusion that the Board of Health is a state agency, and that this appeal is governed by R.C. 119.12, is a 70-year old decision that employees of health districts are not classified in the civil service. Nevertheless, that is the law of our District, and I am bound to follow it.

{¶15} I further question whether the issue before this Court involves a license or is a mere act of registration. I would not reach this issue, however, because I agree with the majority that the record does not contain proper proof of mailing. Accordingly, I concur with the majority's conclusion that the matter must be remanded.

APPEARANCES:

JOEL HELMS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TABITHA B. STEARNS, Assistant Prosecuting Attorney, for Appellee.